UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23018-KING/DAMIAN

KIMARIE STRATOS,

    Plaintiff,

v.

AIG PROPERTY CASUALTY COMPANY,

    Defendant.

_____/

**OMNIBUS ORDER**

THIS CAUSE is before the Court on Defendant, AIG Property Casualty Company's ("AIG" or "Defendant"), Motion to Enforce Settlement or in the Alternative, Motion for Leave to Deposit Funds into Court Registry [ECF No. 27], filed December 5, 2022, and the Daniels Law Group, PLLC's Motion to Adjudicate and Enforce its Charging Lien and Retaining Lien [ECF No. 34], filed January 6, 2023 (collectively, the "Motions").[1]

THE COURT has considered the Motions, the Responses thereto [ECF Nos. 33 and 40], and the pertinent portions of the record and is otherwise fully advised in the premises. The Court also heard from the parties, through their counsel, at a Zoom Motion hearing on January 23, 2023.

---

[1] These matters were referred to the undersigned by the Honorable James Lawrence King, United States District Judge, for a report and recommendation and all such judicial proceedings as are permissible under the Magistrates' Act and the Rules of Court for the Southern District of Florida. [ECF Nos. 28 and 35].

Background

Plaintiff, Kimarie Stratos ("Plaintiff"), initiated this action against AIG, on June 3, 2021, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, seeking damages pursuant to an insurance policy for alleged losses sustained to her property. [ECF No. 1]. AIG removed the action to this Court on August 19, 2021. *Id.* Plaintiff filed a related lawsuit against AIG that remains pending in the Miami-Dade County Circuit Court (No. 2021-013011-CA-01, *Stratos v. AIG Property Casualty Co.*) and a related lawsuit against Lexington Insurance Company ("Lexington") in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Lexington removed the action against it to this Court on August 27, 2021 (No. 21-cv-61817-JLK, *Stratos v. Lexington Insurance Company* (the "Federal Lexington Lawsuit"). *See* ECF No. 7.

The parties attended mediation on May 4, 2022 and reached a global settlement of all three cases and agreed to certain terms regrading payment of the settlement amount. [ECF No. 27, at ¶¶ 2–5]. Thereafter, on May 7, 2022, the mediator filed a Report indicating the parties had reached an agreement and were preparing settlement documents. [ECF No. 20]. The Court then entered a Final Order of Dismissal on May 9, 2022, dismissing the instant case and retaining jurisdiction to enforce the terms of the agreement.[2] [ECF No. 21]. Although the parties did not enter a fully executed settlement agreement, they informed the Court during the January 23, 2023, hearing that they all agree on the global settlement amount reached during mediation and as to all terms with the exception of the disagreement,

---

[2] The mediator filed the same Report, and the Court entered the same Final Order of Dismissal in the related Federal Lexington Lawsuit. [ECF Nos. 21 and 22 in the Federal Lexington Lawsuit].

2

discussed below, between Plaintiff and the Daniels Law Group regarding the amount of attorneys' fees.

Pursuant to the terms of the parties' agreement, AIG and Lexington (who are represented by the same counsel) sent a proposed release for execution and tendered the settlement funds to Plaintiff's former counsel, the Daniels Law Group, PLLC ("Daniels Law Group"). [ECF No. 27, at ¶ 6]. Meanwhile, Plaintiff engaged in a fee dispute with the Daniels Law Group, and the Daniels Law Group returned the settlement checks to Defendant's counsel. *Id.* at ¶ 12. The Daniels Law Group then filed a Charging Lien and a Retaining Lien [ECF Nos. 22 and 23] and withdrew its representation of Plaintiff. [ECF No. 24]. As a result, AIG and Lexington find themselves in a quandary.

AIG filed the Motion to Enforce Settlement or in the Alternative, Motion for Leave to Deposit Funds into Court Registry, seeking an order enforcing the above-referenced terms of the parties' agreement, compelling Plaintiff to execute the proposed release and accept payment of the settlement amount from AIG and Lexington,[3] and seeking attorney's fees. [ECF No. 27, at 3]. The Daniels Law Group responded and requested that only the part of the settlement payments representing the disputed amount of attorneys' fees be deposited in the Court registry. [ECF No. 33]. The Daniels Law Group also filed a Motion to Adjudicate and Enforce its Charging Lien and Retaining Lien. [ECF No. 34].

## The January 23, 2023 Hearing

At the hearing, counsel for Plaintiff, Defendant, and the Daniels Law Group were present. Counsel for all parties confirmed there is no dispute the parties reached a global

---

[3] Lexington filed the same Motion in the Federal Lexington Lawsuit [ECF No. 28].

settlement, and there is no dispute regarding the global settlement amount.[4] Moreover, all counsel agreed that if $72,723.53 of the settlement amount is retained in an attorney trust account, the remaining portion of the settlement amount may be paid to Plaintiff and distributed as Plaintiff sees fit.

As to the Daniels Law Group's Motion to Enforce the charging lien, counsel for the Daniels Law Group requested an enlargement of time to file its Reply, and counsel for Plaintiff indicated no objection to the request. Therefore, that Motion is not yet ripe for adjudication.

Finally, AIG's counsel pointed out that Plaintiff had filed copies of the confidential settlement agreement terms in the record and requested those be sealed, to which no other party indicated an objection.

Conclusion

For the reasons set forth above and stated on the record at the hearing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Enforce Settlement or in the Alternative, Motion for Leave to Deposit Funds into Court Registry [ECF No. 27] is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** to the extent Defendant seeks to enforce the terms of the parties' settlement requiring Defendant to pay the settlement amount and requiring Plaintiff to sign the release but **DENIED** insofar as Defendant requests payment into the Court registry. It is further

---

[4] The Court notes that although Plaintiff and the Daniels Law Group dispute the amount of fees owed to the Daniels Law Group, that dispute does not affect the overall settlement amount to be paid by AIG and Lexington.

**ORDERED AND ADJUDGED** that pursuant to the terms agreed by the parties, including specific payees, Defendant shall re-issue payment of the settlement amount with two checks, as follows:

(1) a check in the amount of $72,723.53, payable to The Kleppin Firm, P.A. Trust Account, for the disputed attorney's fees and costs (the "Fees and Costs Payment"); and

(2) a check in the amount of $192,276.47, payable to The Kleppin Firm, P.A. Trust Account, for all other amounts as agreed by the parties (the "Indemnity Payment").

It is further

**ORDERED AND ADJUDGED** that after receipt of the two checks indicated above, Plaintiff shall provide Defendant with an executed release, in a form agreed by Defendant and Plaintiff, indicating receipt and acceptance of the payments, and Plaintiff's counsel, the Kleppin Firm, P.A., shall notify the Daniels Law Group when payment is received and provide to the Daniels Law Group a copy of the executed release as well as confirmation the payments have been deposited into the Kleppin Firm's Trust Account. It is further

**ORDERED AND ADJUDGED** that the Kleppin Firm, P.A. (1) shall hold the Fees and Costs Payment in its Trust Account pending resolution of the Daniels Law Group's Motion to Adjudicate and Enforce its Charging Lien and Retaining Lien [ECF No. 34] by Court Order or written agreement executed by the Daniels Law Group and Plaintiff; and (2) may distribute the Indemnity Payment as agreed by Plaintiff. It is further

**ORDERED AND ADJUDGED** that Defendant's request for fees in connection with its Motion to Enforce the parties' settlement agreement is **DENIED WITHOUT PREJUDICE**. Within fourteen (14) days of the effective date of this Order, Defendant may file a renewed motion for fees in accordance with Local Rule 7.3. It is further

**ORDERED AND ADJUDGED** that the Daniels Law Group's *ore tenus* motion for a seven-day extension of time in which to file its Reply in support of the Motion to Adjudicate and Enforce its Charging Lien and Retaining Lien is **GRANTED** for good cause shown and noting no objection from Plaintiff. The Daniels Law Group shall file its Reply on or before **February 3, 2023**. It is further

**ORDERED AND ADJUDGED** that Defendant's *ore tenus* motion to seal the confidential Settlement Agreement and Release attached as Exhibits 3 and 5 to Plaintiff's Declaration [ECF No. 40-1] is **GRANTED** for good cause shown. The Clerk shall seal Docket Entry number 40-1, filed on January 20, 2023, in its entirety until further Order of the Court.

Although this written Order is executed this 24th day of January, the Court announced its rulings on the parties' requested relief on the record at the Zoom Motion hearing held January 23, 2023, and, thus, this Order is effective as of January 23, 2023.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of January 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. James Lawrence King, *U.S. District Judge*
Counsel of Record