**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 21-cv-23018-KING/DAMIAN

KIMARIE STRATOS,

     Plaintiff,

v.

AIG PROPERTY CASUALTY COMPANY,

     Defendant.

_____/

**ORDER ON THE DANIELS LAW GROUP, PLLC'S MOTION TO ADJUDICATE
AND ENFORCE ITS CHARGING LIEN AND RETAINING LIEN [ECF NO. 34]**

THIS CAUSE is before the Court on the Daniels Law Group, PLLC's ("Daniels Law") Motion to Adjudicate and Enforce its Charging Lien and Retaining Lien [ECF No. 34], filed January 6, 2023 (the "Motion").[1]

THE COURT has considered the Motion, the Response and Reply thereto [ECF Nos. 40, 47], all pertinent portions of the record, and the relevant legal authorities and is otherwise fully advised in the premises. In the Motion, Daniels Law requests an order finding its charging and retaining liens valid, perfected, and enforceable, and finding that Plaintiff is required to pay Daniels Law's attorneys' fees and costs. For the reasons set forth below, the Court finds the charging lien is valid and enforceable, but the Court cannot enforce the retaining lien. The Court also finds that Daniels Law is entitled to payment of its attorneys' fees and costs. Therefore, the Motion is granted in part.

---

[1] This matter was referred to the undersigned by the Honorable James Lawrence King, United States District Judge, for a report and recommendation and all such judicial proceedings as are permissible under the Magistrates' Act and the Rules of Court for the Southern District of Florida. [ECF No. 35].

## I.   GENERAL BACKGROUND

### A.   *The Underlying Lawsuit*

Plaintiff, Kimarie Stratos ("Plaintiff" or "Stratos"), initiated this action against Defendant, AIG Property Casualty Company ("Defendant" or "AIG"), on June 3, 2021, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, seeking damages for breach of an insurance policy for the alleged failure to pay for losses sustained to her property. [ECF No. 1]. AIG removed the action to this Court on August 19, 2021. *Id.* Stratos filed two related lawsuits: one against AIG that remains pending in the Miami-Dade County Circuit Court (No. 2021-013011-CA-01, *Stratos v. AIG Property Casualty Co.*); and another against Lexington Insurance Company ("Lexington") in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, that was removed to this Court on August 27, 2021 (No. 21-cv-61817-JLK, *Stratos v. Lexington Insurance Co.* (the "Lexington Lawsuit")). *See* ECF No. 7.

### B.   *Daniels Law's Representation Of Stratos*

On March 1, 2021, Stratos retained Daniels Law to represent her in connection with the underlying lawsuit and related claims described above. On that same date, Stratos signed an agreement with Daniels Law titled "Contingent Fee Agreement – First Party Property Claims" (the "Retainer Agreement"). [ECF No. 34-1 at 1]. The Retainer Agreement provides, in relevant part:

> Client understands that if there is a recovery following the initiation of litigation, The Daniels Law Group, PLLC, is entitled to reasonable attorney's fees and costs **paid by the Defendant insurance company under applicable Florida law pursuant to an award of the Court or the agreement of Defendant. If there is a recovery on my behalf, I understand that The Daniels Law Group, PLLC's attorney's fees and costs will be paid by the Defendant and not Client, and that The Daniels Law Group, PLLC is entitled to these fees and costs** . . . .

> Client acknowledges that The Daniels Law Group, PLLC routinely and customarily charges for these types of cases at $400 to $600 per hour for partners, $250 to $400 per hour for associates, and $100 to $150 per hour for paralegals. Client agrees that these hourly rates are reasonable. The Daniels Law Group, PLLC, will use these hourly rates to petition the Court, and/or negotiate with Defendant, for the payments of The Daniels Law Group, PLLC's attorney's fees. **At no time will the client be required to pay this hourly fee.**
>
> **It is agreed and understood that this employment is upon a contingent fee basis and if no recovery is made, I will not be indebted to my said attorneys for any sum whatsoever except as hereinafter provided in the event I discharge The Daniels Law Group, PLLC** . . . .

*Id.* (emphasis in original). Daniels Law represented Stratos in this and the related actions from that time until October 7, 2022, when, as discussed below, Stratos terminated Daniels Law and subsequently retained new counsel. [ECF No. 34 ("Mot.") at ¶ 7].

### C.    *The Settlement Of The Lawsuits*

On May 4, 2022, while Daniels Law was still actively representing Stratos, Stratos, AIG, and Lexington (who is represented by the same counsel as AIG), and their counsel attended a mediation where the parties reached a global settlement of all three cases and agreed to certain terms regarding payment of the settlement amount. [ECF No. 27, at ¶¶ 2–5]. Thereafter, on May 7, 2022, the mediator filed a Report indicating the parties had reached an agreement and were preparing settlement documents. [ECF No. 20]. Two days later, on May 9, 2022, before the parties executed a settlement agreement or filed stipulations for dismissal, the Court entered a "Final Order of Dismissal," dismissing the instant case and expressly stating: "The Court shall retain jurisdiction to enforce the terms of the agreement."[2] [ECF No. 21].

---

[2] The mediator filed the same Report, and the Court entered the same Final Order of Dismissal in the related Lexington Lawsuit. [ECF Nos. 21 and 22 in the Lexington Lawsuit].

Pursuant to the terms agreed upon at mediation, counsel for AIG and Lexington sent a proposed settlement and release agreement ("release agreement") and tendered the agreed upon settlement amount to Daniels Law. [ECF No. 27, at ¶ 6]. After the proposed release agreement and funds were received by Daniels Law, on June 8, 2022, Daniels Law forwarded the proposed release agreement to Stratos for signature. *Id.*; Reply [ECF No. 47] at 8 and Exhibit A [ECF No. 47-1]. The proposed release agreement indicated the total settlement amount agreed at mediation and indicated that a portion of that amount ($81,000) would be paid to Daniels Law for attorneys' fees and costs. *Id.*

### D.    *Discord Between Stratos and Daniels Law And Termination Of Daniels Law*

In late June, Stratos informed Daniels Law that she felt the fees portion of the settlement amount was excessive and requested Daniels Law reduce the amount. *See* ECF No. 40-1 (Sealed Stratos Declaration) at ¶ 9. According to Stratos, the proposed release indicated a fees and costs amount of $81,000 to be paid to Daniels Law, and, after she initially requested they reduce that amount, Daniels Law agreed to reduce the fees and costs amount to $60,000 for all three actions. *Id*. Daniels Law thereafter provided itemized billing statements to Stratos, upon her request, which reflected fees totaling $21,636.39, $26,258.00, and $24,829.14 for the three actions (a total of $72,723.53). *Id*.

Over the next three months, Daniels Law attempted to get a signed copy of the release agreement that had been provided by Defendants back from Stratos to no avail. Stratos continued to challenge the fees amount and other details and otherwise refused to sign the release agreement, until September 22, 2022, when Stratos sent Daniels Law a signed release agreement that Stratos had unilaterally modified without conferral or agreement from Defendants or Daniels Law. *See* Reply at 8.

On October 7, 2022, Stratos terminated Daniels Law as her counsel, following which Daniels Law returned the settlement checks to AIG's counsel [ECF No. 27, at ¶ 12], filed a motion to withdraw as counsel for Stratos [ECF No. 24], and filed Notices of Charging and Retaining Liens in each of the three matters [ECF Nos. 22 and 23]. Ultimately, everyone found themselves back before this Court with no signed settlement and release agreement, no funds having been distributed, and no agreement as to the amount of fees owed to Daniels Law.

### E.   *AIG's And Lexington's Motions To Enforce Settlement Agreement*

On December 5, 2022, AIG filed a Motion to Enforce Settlement or in the Alternative, Motion for Leave to Deposit Funds into Court Registry, seeking an order enforcing the terms of the parties' agreement reached at mediation, compelling Stratos to execute the proposed release agreement and accept payment of the settlement amount from AIG and Lexington,[3] and seeking attorney's fees. [ECF No. 27]. AIG and Lexington also requested that, in the event the issues between Stratos and Daniels Law regarding attorney's fees could not be resolved, they be permitted to deposit the settlement funds in the Court's registry pending resolution of those issues. *Id.*

Stratos responded to AIG's Motion through newly retained counsel and argued, *inter alia*, that the settlement did not need to be enforced because everyone agrees on its material terms and that this Court does not have jurisdiction to enforce the release agreement because the case was dismissed by way of the Court's May 9, 2022, Final Order of Dismissal (ECF No. 21). [ECF No. 40]. Daniels Law, through counsel, also responded to AIG's Motion and

---

[3] Lexington filed the same Motion in the Lexington Lawsuit. *See* ECF No. 28 in that action.

argued, *inter alia*, that it should not be compelled to make any distributions or to hold any funds in its trust account since it is no longer counsel in this case. [ECF No. 33].

On January 23, 2023, the undersigned held a hearing on AIG's and Lexington's Motions in the two related federal cases. Counsel for AIG and Lexington, Daniels Law, and Stratos appeared, as well as Stratos herself. At the hearing, all counsel agreed that there is no dispute regarding the overall settlement amount to be paid by AIG and Lexington and that the settlement amount is not affected by how much is ultimately owed or paid to Daniels Law. All counsel also agreed that if the amount in dispute over Daniels Law's fees is retained in an attorney trust account, the remaining portion of the settlement amount may be paid to Stratos to distribute among the remaining payees. Thus, based largely on the agreement of counsel on behalf of all parties and non-parties affected by the pending settlement, the Court granted AIG and Lexington's Motions to Enforce the Settlement Agreement to the extent AIG and Lexington sought an order requiring payment of the settlement amount and requiring Stratos to execute the release agreement in the form agreed upon at the hearing. [ECF No. 42]. That Order also required that the settlement funds be paid to Stratos's new counsel's trust account and that her new counsel retain the disputed amount regarding the fee dispute with Daniels Law until that dispute is fully resolved. *Id*.

###### F.    *Daniels Law's Motion To Adjudicate And Enforce Charging And Retaining Liens*

While AIG's and Lexington's Motions to Enforce Settlement were pending, on January 6, 2023, Daniels Law filed the Motion now before the Court, requesting the Court find its charging and retaining liens valid, perfected, and enforceable and find that Stratos is required to pay the firm's disputed fees and costs. [ECF No. 34]. Plaintiff filed her Omnibus

Response[4] on January 20, 2023. [ECF No. 40]. Daniels Law thereafter filed its Reply. [ECF No. 47]. The Motion is fully briefed and ripe for adjudication. The parties' arguments are discussed below.

## II.    RELEVANT LEGAL STANDARDS

"Federal courts, although they recognize no common-law lien in favor of attorneys, give effect to the laws of the states in which they are held." *Gottlieb v. GC Financial Corp.*, 97 F. Supp. 2d 1310, 1311 (S.D. Fla. 1999) (Dimitrouleas, J.) (citing *Webster v. Sweat*, 65 F.2d 109, 110 (5th Cir. 1933)); *accord Zaklama v. Mount Sinai Med. Ctr.*, 906 F.2d 650, 652 (11th Cir. 1990) (the rights and obligations of parties to a contract that provides for attorneys' fees upon the happening of a contingency are governed by state law). Under Florida law, a charging lien may be used to enforce the equitable right of attorneys to have costs and fees owed for legal services secured by the judgment or recovery in a lawsuit. *See Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. v. Baucom*, 428 So. 2d 1383, 1384 (Fla. 1983); *In re Washington*, 242 F.3d 1320, 1323 (11th Cir. 2001) ("The equitable mechanism recognized by Florida law for securing this right is an attorney's charging lien.") (citing *Sinclair*, 428 So. 2d at 1384).

In order for a court to properly impose a charging lien, Florida law requires an attorney to show: "(1) a contract between the attorney and client; (2) an express or implied understanding that payment is either contingent upon recovery or will be paid from the recovery; (3) an attempt by the client to avoid paying or a dispute as to the amount of the fee; and (4) a timely notice of a request for a lien." *Id.* (citing *Sinclair*, 428 So. 2d at 1385); *see also Daniel Mones, P.A. v. Smith*, 486 So. 2d 559, 561 (Fla. 1986).

---

[4] The Omnibus Response also addressed Defendant's Motion to Enforce Settlement Agreement.

Unlike a charging lien, an attorney's retaining lien is a "possessory interest in the client's papers and files that the attorney holds until his fee is paid." *Maale v. Caicos Beach Club Charter, Ltd.*, No. 08-80131-CIV, 2010 WL 11519360, at *2 (S.D. Fla. Jan. 5, 2010) (Snow, J.) (quoting *Foreman v. Behr*, 866 So. 2d 705, 706 (Fla. 2d DCA 2003)). A retaining lien is a passive lien; it cannot be enforced through foreclosure and rests wholly upon the right to retain possession until the bill is paid. *Andrew Hall & Assocs. v. Ghanem*, 679 So. 2d 60, 61 (Fla. 4th DCA 1996).

### III.    DISCUSSION

With the foregoing in mind, the Court addresses the issues raised in the Motion and related memoranda now before the Court.

#### A.    *Issues Raised In The Motion And Memoranda*

In the Motion, Daniels Law requests that the Court adjudicate and enforce its charging and retaining liens. With regard to the charging lien, Daniels Law argues it has satisfied the requirements of a valid charging lien and that the charging lien is chargeable against the settlement proceeds in this case. Mot. at 3–8. Daniels Law also argues Stratos has no basis to challenge the reasonableness of their fees. *Id.* at 8–9. And Daniels Law avers its retaining lien is valid and enforceable. *Id.* at 11. In response, Stratos argues the Court should not enforce the charging or retaining liens because Daniels Law breached the contract between Stratos and Daniels Law, making the contract unenforceable. *See* ECF No. 40 (Response) at 8–9. Stratos also argues the contract with Daniels Law is not a contingent agreement and that the

liens were not timely filed. *Id*. at 9. Finally, she argues Daniels Law's fees are unreasonable. *Id*. at 10.

The Court addresses each of these arguments below. And, although raised in response to AIG's Motion to Enforce the Settlement, the Court notes that Stratos raised a jurisdictional challenge, and, therefore, the Court will also address its jurisdiction to consider Daniels Law's Motion.

### B.     Jurisdiction

"Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). Therefore, the Court addresses whether consideration of Daniels Law's liens falls within the Court's jurisdiction.

Federal subject matter jurisdiction for the underlying insurance dispute between Stratos and AIG was based on diversity of citizenship. With respect to the pending liens, Stratos and Daniels Law are Florida citizens and their attorneys' fees disputes arise from Florida state law. Thus, without an independent basis for federal jurisdiction, the Court must exercise its discretionary supplemental jurisdiction to adjudicate these claims.

Supplemental jurisdiction "permits a court [to] hear additional claims substantially related to the original claim even though the court would lack the subject-matter jurisdiction to hear the additional claims independently." *Ghazal v. RJM Acquisitions Funding, LLC*, No. 06–22699-Civ, 2008 WL 2439508, at * 2 (S.D. Fla. June 16, 2008) (Highsmith, J.). Supplemental jurisdiction is codified in 28 U.S.C. § 1367. Section 1367(a) states in part: ". . . in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are *so related* to claims in the

action within such original jurisdiction that they form part of the same case or controversy. . . ." 28 U.S.C. § 1367(a) (emphasis added).

Courts in this District routinely recognize that the resolution of disputes between a party to a federal lawsuit and that party's attorneys over the proper amount of fees due to the attorneys for work performed in the lawsuit, including disputes over charging liens, falls within this narrow doctrine of supplemental jurisdiction. *See, e.g.*, *Buckley Towers Condo., Inc. v. QBE Ins. Corp.*, No. 07-22988-CIV, 2012 WL 573784, at *5–6 (S.D. Fla. Feb. 22, 2012) (Torres, J.), *report and recommendation adopted,* No. 07-22988-RWG, 2012 WL 12867838 (S.D. Fla. Mar. 19, 2012)[5]; *Montpellier Farm, Ltd v. Crane Env't, Inc.*, No. 07-22815-CIV, 2009 WL 722238, at *2–3 (S.D. Fla. Mar. 18, 2009) (O'Sullivan, J.); *Hogben v. Wyndham Int'l, Inc.*, No. 05-20944-Civ, 2007 WL 2225970, at *4 (S.D. Fla. Aug. 1, 2007) (Torres, J.); *Gottlieb*, 97 F. Supp. 2d at 1310–11; *see also Zaklama*, 906 F.2d at 650–53.

Under the circumstances presented in the matters presently before the Court, the Court finds it appropriate to exercise its supplemental jurisdiction to resolve Daniels Law's liens under equitable principles, based strictly on Florida charging lien law. This logically falls within the Court's recognized ancillary jurisdiction to adjudicate attorneys' fees disputes relating to fees a client owes his or her attorneys for the services provided to the client. As the Tenth Circuit explained in *Jenkins v. Weinshienk*, 670 F.2d 915, 918 (10th Cir. 1982): "Ancillary jurisdiction rests on the premise that a federal court acquires jurisdiction of a case or controversy in its entirety. Incident to the disposition of the principal issues before it, a court may decide collateral matters necessary to render complete justice." The *Jenkins* Court

---

[5] *Reversed on other grounds sub nom. Buckley Towers Condo., Inc. v. Katzman Garfinkel Rosenbaum, LLP*, 519 F. App'x 657 (11th Cir. 2013).

further clarified, "[d]etermining the legal fees *a party* to a lawsuit properly before the court *owes its attorney,* with respect to work done in the suit being litigated, easily fits the concept of ancillary jurisdiction." *Id*. This Court agrees and, therefore, will exercise its supplemental jurisdiction to determine the issues presented in Daniels Law's Motion.

### C.        *Validity And Enforceability Of The Charging Lien*

In order for a court to properly impose a charging lien, Florida law requires that the Court find: "(1) a contract between the attorney and client; (2) an express or implied understanding that payment is either contingent upon recovery or will be paid from the recovery; (3) an attempt by the client to avoid paying or a dispute as to the amount of the fee; and (4) a timely notice of a request for a lien." *In re Washington*, 242 F.3d at 1323 (citing *Sinclair*, 428 So. 2d at 1385); *see also Mones*, 486 So. 2d at 561.

### 1.        **Stratos And Daniels Law Were Parties To A Contract.**

The first requirement the Court must find is whether there was a contract between the attorney, Daniels Law, and the client, Stratos. As set forth above, on March 1, 2021, Stratos and Daniels Law entered into an agreement, signed by both, titled "Contingent Fee Agreement – First Party Property Claims" (the "Retainer Agreement"). [ECF No. 34-1 at 1]. Stratos does not dispute that she entered into this agreement, but she argues that the Retainer Agreement is *unenforceable* because Daniels Law allegedly breached the Retainer Agreement by returning settlement funds to Defendants rather than distributing them to Stratos. Importantly, she does not argue that the Retainer Agreement is void *ab initio* but instead that Daniels Law breached the agreement at some later point after it had been in effect.

The Court finds that the first requirement is satisfied because, as Stratos agrees, she and Daniels Law did enter into an attorney-client agreement, which is all that is required for

enforceability of a charging lien. The Court agrees that if one party to a contract breaches the contract, the other party may be relieved of the duty to perform. *See Hamilton v. Suntrust Mortg. Inc.*, 6 F. Supp. 3d 1300, 1309 (S.D. Fla. 2014) (Cohn, J.) ("It is a fundamental principle of Florida contract law that a material breach by one party excuses the performance by the other.") (citing *Indemnity Ins. Corp. of DC. v. Caylao*, 130 So. 3d 783, 786 (Fla. 1st DCA 2014)). However, if Daniels Law breached the agreement, as Stratos claims, that breach occurred in September 2022, eighteen months after they entered the Retainer Agreement. Thus, there was an agreement between Daniels Law and Stratos, as required for a valid charging lien. The issue of whether Daniels Law did or did not breach the agreement may be relevant to Daniels Law's entitlement to attorneys' fees but not to whether the charging lien is valid.

Thus, the first requirement for enforcement of the charging lien is satisfied because there was an agreement between the attorney and client.

### 2. The Retainer Agreement Is A Contingent Agreement.

The Court must next determine whether there was "an express or implied understanding that payment is either contingent upon recovery or will be paid from the recovery[.]" *In re Washington*, 242 F.3d at 1323. Stratos asserts, "The contract here is not a contingency but rather was an hourly fee contract." Resp. at 9. In support, Stratos cites her own declaration [ECF No. 40-1]. Neither her Response nor her declaration explain why she believes the Retainer Agreement was not a contingent agreement, nor do they cite any authority to support her belief.

A review of the Retainer Agreement reflects that it is indeed a contingent agreement. For starters, the agreement is titled "***Contingent Fee Agreement*** – First Party Property Claims". [ECF No. 34-1 at 1] (emphasis added). And a review of its terms confirms that the

arrangement was a contingent fee agreement. The Retainer Agreement provides, in relevant

part:

> **It is agreed and understood that this employment is upon a contingent fee basis and if no recovery is made, I will not be indebted to my said attorneys for any sum whatsoever except as hereinafter provided in the event I discharge The Daniels Law Group, PLLC**.

*Id*. (emphasis in original).

In *City of Burlington v. Dague*, the Supreme Court explained the fundamental difference

between certain and contingent fee agreements:

> Fees for legal services in litigation may be either "certain" or "contingent" (or some hybrid of the two). A fee is certain if it is payable without regard to the outcome of the suit; it is contingent if the obligation to pay depends on a particular result's being obtained. Under the most common contingent-fee contract for litigation, the attorney receives no payment for his services if his client loses. Under this arrangement, the attorney bears a contingent risk of nonpayment that is the inverse of the case's prospects of success: if his client has an 80% chance of winning, the attorney's contingent risk is 20%.

505 U.S. 557, 560–61 (1992). The above-quoted provision from the Retainer Agreement in

this case, which provides that Daniels Law will not be paid unless a recovery is made on

behalf of Stratos, falls squarely within the definition of a contingent fee agreement as

explained in *Dague*. Stratos provides no authority to the contrary.

Therefore, the second requirement for enforcement of the charging lien is satisfied

because the agreement between the attorney and client is a contingent fee agreement. The

next question is whether there was an attempt by the client to avoid paying or a dispute as to

the amount of the fee.

### 3.  Stratos Has Attempted To Avoid Paying The Full Amount Of Fees Sought.

This requirement is easily satisfied here because Stratos argues that she should not be

required to pay Daniels Law as provided in the Retainer Agreement on grounds the

agreement is unenforceable and the fees requested by Daniels Law are excessive. *See* Resp. at 8–9; Stratos Decl. at ¶ 11. Moreover, Stratos does not dispute that this requirement is satisfied.

Thus, the only question left for the Court to determine is whether Daniels Law gave timely notice of the charging lien.

### 4.     Daniels Law Gave Timely Notice Of The Charging Lien.

An attorney must give timely notice in order to perfect a charging lien. *Sinclair*, 428 So. 2d at 1385. "In order to give timely notice of a charging lien an attorney should either file a notice of lien or otherwise pursue the lien in the original action." *Mones*, 486 So. 2d at 561. Typically, in order to be "timely," notice of an attorney's charging lien must be filed "before the lawsuit has been reduced to judgment or dismissed pursuant to settlement.*" Brown v. Vermont Mut. Ins.*, 614 So. 2d 574, 580 (Fla. 1st DCA 1993); *see Scutieri v. Estate of Revitz*, 829 F. Supp. 387, 392 (S.D. Fla. 1993); *Richman Greer, et al., v. Chernak*, 991 So. 2d 875, 878 (Fla. 4th DCA 2008). Put differently, an attorney "is obligated to notify his clients in some way before the close of the original proceeding that he intend[s] to pursue the charging lien." *Mones*, 486 So. 2d at 561.

Stratos argues that Daniels Law's lien was not timely noticed because it was filed after the Court issued its Final Order of Dismissal. Resp. at 9. As laid out above, the Court entered a "Final Order of Dismissal" on May 9, 2022, whereas Daniels Law did not file its charging lien until October 22, 2022. Thus, in Stratos's view, the lien was filed after the close of the original proceeding. The Court disagrees.

Close of the original proceeding generally occurs upon settlement or dismissal, however, courts routinely approve the imposition of liens after settlements or dismissals when equitable circumstances dictate the original proceeding had not fully closed. *See Mones*, 486

So. 2d at 562 (Boyd, C.J., concurring); *see also Sinclair*, 428 So. 2d at 1383 (notice of charging lien filed after settlement was timely because the court had yet to resolve a motion to dismiss which implicated the terms of the settlement). In this case, equity dictates the original proceedings were not closed when Daniels Law filed its lien (and indeed have not yet closed). Tellingly, the Final Order of Dismissal expressly states: "The Court shall retain jurisdiction to enforce the terms of the agreement." [ECF No. 21]. This demonstrates the Court intended to entertain further matters in the case. *See Mones*, 486 So. 2d at 562; *see also Baker & Hostetler, LLP v. Swearingen*, 998 So. 2d 1158, 1163 (Fla. 5th DCA 2008) (charging lien is timely even after entry of a final judgment because the court had yet to divest itself of jurisdiction and it specifically retained jurisdiction to resolve additional pending matters); *Minks v. Polaris Indus., Inc.*, No. 6:05-CV-1894-ORL-31, 2011 WL 3320507, at *2 (M.D. Fla. Aug. 2, 2011) (same).

Moreover, the Final Order of Dismissal did not terminate this action because a dispute regarding enforcement of the settlement arose after that Order was entered. Therefore, a dispositive issue remained before the Court when the charging lien was filed. *See Shepard v. Fla. Power Corp.*, No. 8:09-CV-2398-T, 2011 WL 2144769, at *1–2 (M.D. Fla. May 12, 2011), *report and recommendation adopted*, 2011 WL 2144891 (M.D. Fla. May 31, 2011). The facts in *Shepard* are analogous, and the court's analysis of the timeliness issue is instructive. In *Shepard*, the court held that the plaintiff's attorney gave timely notice by filing a notice of claim of charging lien before the execution of the formal settlement agreement and disbursement of settlement proceeds. *Id.* (citing *Sinclair*, 428 So. 2d at 1383). Similarly, here, the notice of charging lien was filed before the parties executed a settlement agreement.

The authority relied on by Stratos is inapposite. *See In re Edghill*, 113 B.R. 783, 785 (Bankr. S.D. Fla. 1990); *see also Schur v. Americare Transtech, Inc.*, 786 So. 2d 46, 47 (Fla. 3d

15

DCA 2001). In both cases relied on by Stratos, at the time the attorneys gave notice of their charging liens, the cases were closed with no outstanding issues remaining for the court to adjudicate. *See In re Edghill*, 113 B.R. at 783 (failure to timely notice charging lien where creditor filed motion for charging lien after settlement agreement was executed and approved by the court and final judgment was entered); *Schur*, 786 So. 2d at 47 (affirming denial of charging lien where plaintiff's attorney notified court that he would assert a charging lien after court had entered final judgment).[6] Unlike the cases relied on by Stratos, proceedings in this case were not closed when Daniels Law filed its lien because issues regarding the settlement agreement remained pending and, to date, this action remains pending due to a dispute regarding enforcement of the settlement agreement between Stratos and AIG. *See* ECF No. 49 (Defendant's Motion for Sanctions or in the Alternative, Renewed Motion to Enforce Settlement, filed March 13, 2023).[7]

Under the circumstances presented here, the Court finds that Daniels Law timely filed its Notice of Charging Lien on October 12, 2022, and, therefore, the lien was properly perfected.

Based on the foregoing, Daniels Law has demonstrated satisfaction of the requirements for imposition of a charging lien. Therefore, the charging lien is enforceable against the settlement proceeds in this case.

---

[6] Moreover, in *Schur*, the court found that there was no avoidance of payment, and, therefore, the charging lien failed to satisfy the requirement that the attorney's fees are opposed by the client. 786 So. 2d at 47.

[7] Further, Daniels Law notified Stratos, via email, as early as June 24, 2022, that if counsel needed to withdraw, it would subsequently file a charging lien.

### D. The Retaining Lien

It is well recognized, and Stratos does not dispute, that an attorney may file and maintain a retaining lien against a former client's legal files until the attorney's fees have been paid or adequate security has been posted. *Ghanem*, 679 So. 2d at 61; *Brickell Place Condo Ass'n v. Joseph H. Ganguzza & Assocs., P.A.*, 31 So. 3d 287, 289 (Fla. 3d DCA 2010). Derived from common law, the existence of the retaining lien does not depend on any agreement between the lawyer and the client. *Ghanem*, 679 So. 2d at 61. However, unlike a charging lien, a retaining lien is passive and cannot be enforced by the Court. *Cooper v. McNair*, 49 F.2d 778, 781 (S.D. Fla. 1931) ("[A] retaining lien . . . like other mere possessory liens, is purely passive, being a bare right to hold possession until payment. It cannot be actively enforced."). Accordingly, insofar as Daniels Law seeks an Order enforcing its retaining lien, the Motion is denied.

### E. Daniels Law's Entitlement To Attorneys' Fees And Costs

The Court now turns to the relief sought by Daniels Law—enforcement of the charging lien against the settlement funds held by Stratos's current counsel. The Court has the authority to order a distribution of the settlement funds as deemed appropriate. *See In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No. 3:16-MD-2734, 2020 WL 2575506, at *7 (N.D. Fla May 21, 2020). During the pendency of this action, Stratos has requested that the Court exercise this authority to authorize the distribution of certain undisputed funds she is owed from the settlement.[8] And, as a matter of Florida law, "[a] summary proceeding in the original action

---

[8] Notably, this Court did order that the undisputed portion of the settlement amount be distributed. *See* ECF No. 42.

represents the preferred method of enforcing an attorney's charging lien." *Mones*, 486 So. 2d at 561 (citing *Sinclair*, 428 So. 2d at 1385).

Daniels Law requests disbursement of attorney's fees in the amount set forth in its billing statements as the contingency fee, which in this case is $26,258.00,[9] and argues Stratos has no basis to challenge the reasonableness of those fees because they are contractual. Mot. at 12. Stratos argues the Retainer Agreement is unenforceable because Daniels Law breached the Agreement by failing to distribute the settlement funds to her, and she argues their fees are unreasonable. Resp. at 8–9. For the reasons explained below, Daniels Law is entitled to compensation under the contingent fee Retainer Agreement.

Above, the Court has already determined that Daniels Law has a valid and enforceable charging lien and that Daniels Law and Stratos entered into a contingent fee Retainer Agreement. Stratos argues Daniels Law breached the Retainer Agreement, and, therefore, she claims she terminated Daniels Law for cause. The issue then is whether Daniels Law is entitled to fees for its services performed up to the point Stratos terminated them, and, if so, how those fees should be determined.

Under Florida law, an attorney employed under a valid contingent fee agreement who is discharged without cause before the contingency occurs is entitled to fees based on quantum meruit. *See Rosenberg v. Levin*, 409 So. 2d 1016, 1017 (Fla. 1982); *Searcy, Denney, Scarola, Barnhart & Shipley, P.A. v. Poletz*, 652 So. 2d 366, 368–69 (Fla. 1995); *Zaklama*, 906 F.2d at 652–53 (collecting Florida cases). On the other hand, the occurrence of the contingency prior to discharge of the attorney entitles that attorney to his stated fees pursuant to the contingent fee agreement. *See Cooper v. Ford & Sinclair, P.A.*, 888 So. 2d 683, 690 (Fla. 4th DCA 2004);

---

[9] Daniels Law requests similar amounts in the Lexington Lawsuit and in the AIG case pending in State Court.

*Zaklama*, 906 F.2d at 653 (collecting Florida cases). As a result, the moment *when* the contingency occurs in relation to when the attorney is terminated determines how the attorney's fees are calculated. Importantly, if the attorney is terminated after the contingency has occurred, it does not matter if the attorney was terminated with or without cause. This is important here, where Stratos claims the Retainer Agreement is unenforceable because Daniels Law allegedly breached the Agreement.

### 1. Stratos Terminated Daniels Law, And Daniels Law Withdrew After The Contingency Occurred.

Both Stratos and Daniels Law agree that Stratos terminated Daniels Law and that Daniels Law, in turn, withdrew from representing Stratos in October 2022. The first question, then, is whether Stratos obtained a recovery from AIG and Lexington prior to that date.

Neither Stratos nor Daniels Law disputes that a settlement agreement between Stratos and Defendants (AIG and Lexington) would constitute a "recovery" within the meaning of the contingent fee contract provision that called for the payment of attorney's fees if "any recovery" was obtained. Nor does either dispute that Stratos and Defendants agreed to a settlement prior to October 2022 given that the settlement was reached at mediation in May 2022.

Although Daniels Law obtained the settlement funds while they represented Stratos, Stratos had not received any money herself prior to Daniels Law's termination. Thus, although Daniels Law negotiated what the parties maintain was an acceptable settlement amount, Stratos had not actually obtained or received that recovery. And it is also undisputed that Stratos did not sign the release agreement before she terminated Daniels Law. Neither Stratos nor Daniels Law has advanced any argument on this issue.

The Court finds that a settlement was reached and, therefore, the contingency occurred for purposes of the contingent fee contract.

The chain of events described above supports a finding that Stratos and Defendants (AIG and Lexington), by mutual consent, agreed to put an end to their lawsuits in May 2022. To date, everyone agrees a settlement was reached, and everyone continues to agree on the settlement amount. Although Stratos did not sign the proposed release agreement sent to her counsel by AIG's counsel, all parties involved in the remaining disputes agreed to settle their disputes for an amount that has not changed.

In short, no one has seriously called into question the fact that prior to October 2022, Defendants agreed to pay, and Stratos agreed to accept, the settlement amount in consideration of Stratos releasing all claims she has against AIG and Lexington. The only issue that arguably existed at the time Daniels Law withdrew in October 2022, and the only issue that remains today, was, and is, how the settlement amount should be distributed, not whether AIG and Lexington will pay the settlement amount. Without a doubt, Daniels Law secured for Stratos the right to receive the settlement amount from AIG and Lexington. Having represented Stratos in the negotiations which created the settlement amount pot to be distributed prior to their termination, Daniels Law is entitled to their contingent fee under the contract. *See Eakin v. United Tech. Corp.*, 998 F. Supp. 1422, 1429–32 (S.D. Fla. 1998) (Hoeveler, J.). Courts in this District and in Florida state courts have similarly held that even if a settlement is not fully and finally consummated and settlement funds not distributed, a contingency still occurred for purposes of determining whether attorneys are entitled to a contingent fee. *See, e.g.*, *Harrington v. Estate of Batchelor*, 924 So. 2d 861, 862 (Fla. 3d DCA 2006) ("Since there is no dispute that a settlement agreement was executed settling one of the claims described in the fee agreements before the attorneys' representation was terminated,

the attorneys are entitled to the agreed upon contingency fees."); *Cooper*, 888 So. 2d at 690 ("The contingency requirement had been met and the attorneys were entitled to rely upon the provisions of the written contingency fee contract to determine the amount of their fee . . . . [T]he case law demonstrates that if an attorney is discharged after the contingency has already occurred, the attorney can rely on the contingency agreement for his fee."); *King v. Nelson*, 362 So. 2d 727, 728 (Fla. 2d DCA 1978) (rejecting argument to limit compensation to *quantum meruit* where plaintiff agreed to a settlement "and it was subsequent to and not prior to his agreement to the settlement that he advised his first attorneys that he was discharging them"); *see also Eakin*, 998 F. Supp. at 1429 ("If [an attorney] obtained the contingency, he will be entitled to his contingency fee under the contract."); *Town of Medley v. Kimball*, 358 So. 2d 1145, 1147 (Fla. 3d DCA 1978). At bottom, "[a] client may not accept the benefits of a valid contingency fee contract and subsequently contest his obligations thereunder." *Zaklama*, 906 F.2d at 653; *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, 2020 WL 2575506, at *6.

Thus, the contingency occurred while Daniels Law was counsel of record for Stratos, and Daniels Law is entitled to its fees pursuant to the Retainer Agreement.

### 2.    Daniels Law's Fees Are Not Clearly Excessive

As a result, the Court finds that Daniels Law is entitled to its contractual fees, and Stratos agreed to those terms in the contract with Daniels Law. Although Daniels Law is entitled to its fees pursuant to the Retainer Agreement, Rule 4–1.5 of the Rules Regulating the Florida Bar states that an attorney must not collect a clearly excessive fee or cost even if pursuant to an agreement with a client. Therefore, in an abundance of caution, the Court considers whether the fee amount Daniels Law seeks pursuant to the Retainer Agreement is clearly excessive in violation of the Rules Regulating the Florida Bar.

Rule 4–1.5(d) provides that fee agreements between a lawyer and a client are enforceable according to their terms unless "clearly excessive" or otherwise prohibited by the Rules Regulating the Florida Bar. Here, the Court has found that the Retainer Agreement is a valid contingent fee agreement between Daniels Law and Stratos, so in light of concerns raised by Stratos regarding the reasonableness of the fees, the Court will consider whether the contingent fee amount due pursuant to the agreement is clearly excessive.

Rule 4–1.5(a)(1) provides that a fee or cost is clearly excessive when, "after review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee or the cost exceeds a reasonable fee or cost for services provided to such a degree as to constitute clear overreaching or an unconscionable demand by the lawyer[.]" A contingent fee is presumed to be clearly excessive if it exceeds 33 1/3% of any recovery up to $1 million.

Here, the total amount of Daniels Law's fees and costs from the three related lawsuits is less than 33 1/3% of the total settlement amount recovered by Stratos and, as such, is not presumed to be clearly excessive. Moreover, this Court "is itself an expert on the question [of reasonableness of fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). As such, the Court has independently reviewed the fees and costs requested by Daniels Law pursuant to the Retainer Agreement and finds that they are not excessive or unreasonable.

Accordingly, for the foregoing reasons, the Court finds that Daniels Law is entitled to its fees and costs in this action pursuant to the Retainer Agreement and, based on the Court's determination that Daniels Law's charging lien is valid and enforceable, that those fees and costs are due to be distributed from the settlement funds.

## IV.     CONCLUSION

For the reasons set forth above, the Court finds that Daniels Law's charging lien is valid and enforceable but that the Court lacks authority to enforce the retaining lien. The Court also finds that Daniels Law is entitled to payment of its attorneys' fees and costs pursuant to the Retainer Agreement with Stratos and that those fees and costs shall be paid from the settlement amount recovered from Defendants. Finally, the Court finds the fees and costs requested by Daniels Law are not excessive or unreasonable.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Daniels Law's Motion to Adjudicate and Enforce its Charging Lien and Retaining Lien [ECF No. 34] is **GRANTED IN PART AND DENIED IN PART** as set forth above. It is further

**ORDERED** that within fourteen (14) days of the date of this Order, counsel for Stratos, Kleppin Law Firm, P.A., shall distribute to Daniels Law $26,258.00 in attorneys' fees and costs from the "Fees and Costs Payment" portion of the settlement funds issued by AIG and Lexington and held in its Trust Account (*see* ECF No. 42) to satisfy Daniels Law's charging lien in this matter. Daniels Law shall provide payment instructions to counsel for Stratos by close of business on **August 4, 2023**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 2nd day of August, 2023.

_____

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
James Lawrence King, *United States District Judge*
Counsel of Record